**Paris L. TAYLOR, Petitioner—Appellant,**

v.

**Jean HILL, Respondent—Appellee.**

No. 02–35400.

D.C. No. CV–00–00660–MFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided April 29, 2003.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Paris Taylor appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Taylor contends that the state court violated his right to due process when it denied his motion for a continuance of his trial.

On October 29, 1994, Taylor was incarcerated at the Oregon State Penitentiary when prison guards found two combination padlocks tied together with a heavy cord, in Taylor's coat pocket. Taylor was indicted on one count of Inmate in Possession of a Weapon, in violation of O.R.S. 166.275. The trial was scheduled for November 29, 1995. On November 16, 1995, Taylor sent a letter to his counsel, Mr. Price, requesting that Price resign from his case. On November 20, 1995, Price moved to withdraw as attorney of record and to have the court appoint new counsel. Price stated that the attorney-client relationship had reached a stage where he could no longer continue to represent Taylor.

On November 22, 1995, the state court ordered that Price was allowed to withdraw as the attorney of record in the case and appointed Hellewell to represent Taylor. Although the court granted the motion, it warned that there would be no continuance. On November 29, 1995, the morning of trial, Hellewell moved for a continuance. The state court denied the motion as untimely, stating that if Taylor had problems with Price he should have addressed those issues at an earlier date.

Taylor argues that the state court's denial of the motion violated his right to due process. This argument fails. To warrant reversal, Taylor must show prejudice from the denial of the continuance. *United States v. Pope*, 841 F.2d 954, 957 (9th Cir.1988). Taylor has never shown any merits of the defense or evidence that he would have presented had the motion been granted. Further, Taylor had a witness list, yet he does not say that any of those witnesses would have been used had the motion been granted. Ultimately, Taylor has not hinted at anything that would have changed the outcome of the trial had the motion been granted.

Accordingly, the district court's denial of Taylor's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is AFFIRMED.

AFFIRMED.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

